IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS W. DAVIS, #K-02993,            )
                                        )
    Plaintiff,                         )
                                        )
vs.                                     )   CASE NO. 10-cv-841-JPG
                                        )
WARDEN DOZIER, WARDEN MEEKS,            )
SHARON BOATMAN, JOHN DOE                )
DOCTOR and JANE DOE NURSES,             )
                                        )
    Defendants.                        )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Douglas W. Davis, an inmate in Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a three year sentence for driving on a revoked/suspended license. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff is a left-leg amputee and depends on a prosthesis to walk. Because of his disability, he needs to wear a "stump sock" to protect the skin at the site of his amputation, keep the area sanitary, and be able to comfortably wear his artificial leg. He also had an active MRSA (Methicillin-resistant Staphylococcus aureus) infection at the time of his commitment to the Illinois Department of Corrections. When he arrived at the Vandalia Correctional Center on May 6, 2010, he had painful open sores on his stump, aggravated by the failure of medical staff at Graham Correctional Center to provide him with clean stump socks during the time he spent there

awaiting transfer. Plaintiff alleges that he had "doctors orders" to replace the stump sock with a clean one every day because of the infection.

Plaintiff requested Defendant Boatman (a nurse) and other Jane Doe nurses and John Doe doctor(s) to provide him with changes of stump socks, but none were given to him. On May 6, 2010, he had been told that the socks would be provided as soon as possible. He renewed his request for stump socks on June 17, 2010. Again, on July 15, 2010, he told Defendant Boatman that he still had not been provided any stump socks. At that time Defendant Boatman told Plaintiff that the socks were "not covered by their insurance" and would not be given to him. Even before that date, his original stump socks had become worn out, filthy and unsanitary, aggravating Plaintiff's sores and infection. Plaintiff also claims that the doctor (Defendant John Doe) never examined him nor treated him for his infection.

In addition, the harness to hold his prosthesis needed to be replaced because a strap had become worn out. The artificial leg was sent for repair but was returned to Plaintiff with the wrong strap. As a result, Plaintiff has suffered more pain and excessive sores. At the time he filed his complaint (October 25, 2010), the pain was so severe that Plaintiff could not walk and was missing all meals.

Plaintiff seeks monetary damages, but did not request injunctive relief.

**Discussion**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than

intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's condition as an amputee clearly affects his daily activities, and his sores, inadequate stump socks and improperly repaired prosthesis put him in chronic and substantial pain. Moreover, he had a drug-resistant infection that was aggravated by the lack of sanitary replacement stump socks, not to mention lack of treatment. Plaintiff's complaint alleges objectively serious medical needs.

As to the subjective element of deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. Plaintiff made repeated requests for replacement stump socks over at least a three month period, and informed Defendant Boatman

and the Jane Doe Defendant(s) of the pain he was having because of the bad condition of his old socks. In addition, he alleges that he received no treatment from Defendant John Doe Doctor for his MRSA infection and open sores, despite his requests.

"A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006) (failure to replace prosthesis that caused pain stated Eighth Amendment claim). While negligent treatment or even malpractice by a medical professional does not state a constitutional claim, *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), Plaintiff here alleges that he received no treatment at all for a painful infection that persisted over several months, and was denied medically necessary prosthetic supplies, further aggravating his condition. *See Gutierrez,* 111 F.3d at 1373. Therefore, the Court at this stage cannot dismiss the deliberate indifference claims against Defendant Boatman or the John Doe (nurses and doctor) Defendants. Plaintiff is advised that he will be required to provide the Clerk with the names and addresses of the John Doe defendants before service can be initiated on them, and that he must amend his complaint to identify those defendants by name.

However, Plaintiff's claims against Defendant Warden Dozier and Defendant Warden Meeks are another matter. Plaintiff makes no specific allegations against either of these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure

made him aware of it and he failed to intervene). Even if Plaintiff had made direct requests or complaints to either of these defendants regarding his medical needs, there would be no resulting liability merely because they hold the position of prison warden. There is no supervisory liability in a § 1983 case. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). For these reasons, the claims against Defendant Warden Dozier and Defendant Warden Meeks must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff has failed to state a claim upon which relief may be granted against Defendants **WARDEN DOZIER** and **WARDEN MEEKS**; thus these Defendants are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **BOATMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to

pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Jane Doe and John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 2, 2011**

                                              *s/J. Phil Gilbert*
                                              **United States District Judge**